UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTOR BARNETT
1300A West Fond du Lac Avenue
Milwaukee, Wisconsin 53205,

        Plaintiff,

vs.　　　　　　　　　　　　　　Case No. 06-C-0080

TVT RECORDS
23 East Fourth Street, Third Floor
New York, New York 10003,

and

YING YANG TWINS
23 East Fourth Street, Third Floor
New York, New York 10003,

        Defendants.

---

## COMPLAINT

---

NOW COMES plaintiff Victor Barnett, by his attorneys Gimbel, Reilly, Guerin & Brown, as and for a cause of action against the above-named defendants, with this complaint alleges as follows:

### PARTIES

1.　　Plaintiff Victor Barnett ("Barnett") is an adult resident of the State of Wisconsin whose address is 1300A West Fond du Lac Avenue, Milwaukee, Wisconsin 53205. Barnett is a music producer and the owner and operator of Trio Records, a

Wisconsin corporation with its corporate office and business at 1300A West Fond du Lac Avenue, Milwaukee, Wisconsin 53205.

2. Upon information and belief, defendant Ying Yang Twins is a foreign entity and musical group composed of the artists Eric Jackson (professionally known as "Kaine") and D'Angelo Holmes (professionally known as "D-Roc") whose principal place of business is located at 23 East 4th Street, 3rd Floor, New York, NY 10003. Upon information and belief, Ying Yang Twins is in the business of composing and recording musical works and sound recordings for sale to the general public.

3. Upon information and belief, defendant TVT Records, Inc. ("TVT Records") is a foreign corporation with its principal place of business located at 23 East 4th Street, 3rd Floor, New York, NY 10003. Upon information and belief, a contract exists between TVT Records and Ying Yang Twins to produce, arrange, distribute and market the musical works and sound recordings of Ying Yang Twins to the general public.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This action arises under the Copyright Act, 17 U.S.C. § 101 *et. seq.*, and is brought to redress the infringement by defendants of plaintiff's work of authorship protected by federal copyright registration.

5. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Wisconsin, while defendants are citizens of the State of New York and an unknown state other than Wisconsin, and the

2

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This court has personal jurisdiction over the defendants because the defendants are foreign entities, each of which does substantial business in Wisconsin.

7. Venue lies in this district pursuant to 28 U.S.C. §1391(b)(1) and (c) because the defendant entities reside in this district within the meaning of 28 U.S.C. §1391(c) and pursuant to 28 U.S.C. §1391(b)(2) because events or omissions giving rise to the claim occurred in this district.

## FACTS

### A. PLAINTIFF'S COPYRIGHTED SOUND RECORDING

8. In or around November 2001, Anwar Jenkins, a musical artist, Nathan Cooper, a production artist, and Barnett, a music producer, collaborated to record a song entitled "Ahyo" in Milwaukee, Wisconsin. "Ahyo" was an original musical work.

9. On or about January 29, 2002, plaintiff obtained federal copyright registrations for an album entitled "Big Ward Volume 1 Family Input" ("the Album") which contained the sound recording of "Ahyo" as well as several additional tracks. A true and correct copy of the registration for the Album is attached hereto as Exhibit 1.

10. From in or around April 2002 through in or around June 2002, plaintiff "shopped" the Album to various persons in the music industry, including the Milwaukee radio station V100 (FM 100.7). The record received play on V100 during that time period.

3

11. From in or around August 2002 through in or around October 2002, plaintiff had a distribution contract with a distribution company, Southwest. That contract was terminated upon Southwest's bankruptcy in late 2002.

12. In or around July 2002, in order to further "shop" the Album, Anwar Jenkins attended the Black Expo, a music festival held in at the Indianapolis Convention Center in Indianapolis, Indiana.

13. At that time, Anwar Jenkins met "Kaine" and "Smurf" for the first time. Anwar Jenkins became acquainted with "Kaine" and "Smurf" as a result of "Kaine" and "Smurf's" existing business relationship with Anwar Jenkins' friend, a musical artist known as "Ice Mone."

14. Upon information and belief, "Smurf" is the producer for Ying Yang Twins.

15. Because Ying Yang Twins was, in July 2002, already an established, successful musical group with ties to his friend, Anwar Jenkins gave "Smurf" a copy of the Album upon their meeting at the Black Expo, for the purpose of obtaining Ying Tang Twins' assistance in marketing and publicizing the Album.

16. The copy of the Album provided to "Smurf" by Anwar Jenkins was clearly marked as copyrighted material.

17. In or around early 2004, Reggie Brown, a radio personality at Milwaukee radio station V100, contacted Anwar Jenkins to report his belief that "Ahyo" had been infringed upon by Ying Yang Twins. Anwar Jenkins thereafter reported that information to plaintiff.

4

### B. DEFENDANTS' UNLAWFUL ACTIVITIES

18. Upon information and belief, defendant Ying Yang Twins had actual notice of plaintiff's copyrights in the Album and the song "Ahyo."

19. In or around early 2004, plaintiff became aware of the popular success of a song entitled "Salt Shaker" by Ying Yang Twins (the "infringing song").

20. The melody, musical composition, arrangement and production of "Salt Shaker" are unauthorized reproductions of the song "Ahyo." The most memorable melodic portions of "Ahyo" are recreated in Salt Shaker, using the same notes, instruments and inflections, but with different lyrics. The melodic refrains contained in "Ahyo" are copyrighted and are copyrightable subject matter owned by plaintiff.

### CLAIM FOR RELIEF
### Copyright Infringement

21. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein each and every allegation contained in paragraph nos. 1-20 of this complaint.

22. Plaintiff's song "Ahyo" contains material wholly original to plaintiff and copyrightable under the laws of the United States.

23. Plaintiff possesses a copyright registration for the Album, which contains "Ahyo" as a track.

24. Since in or around November 2001, copies of "Ahyo" have been sold by or under the authority of plaintiff and public performances of "Ahyo" have been broadcast under the authority of plaintiff. All such copies sold or public performances made by plaintiff or under plaintiff's authority have been offered for sale or performed

in strict conformity with the provisions of the copyright laws of the United States.

25. At all times pertinent hereto, plaintiff has complied with all the provisions of the copyright laws of the United States applicable to the musical work "Ahyo."

26. Prior to creating, arranging, producing, distributing or marketing the song "Salt Shaker," Ying Yang Twins had access to plaintiff's work, "Ahyo."

27. Upon information and belief, commencing at least as early as September 2003, defendants have infringed plaintiff's copyright in the song "Ahyo," by reproducing and/or distributing the infringing song without authorization from plaintiff. Such infringement is knowing and willful.

28. In or around early 2004, plaintiff reasonably discovered defendants' infringement.

29. The musical composition, melody and arrangement of defendant Ying Yang Twins' infringing song is substantially similar to the musical composition, melody and arrangement of plaintiff's song "Ahyo."

30. Defendants' willful infringement has caused, and unless enjoined will continue to cause, substantial irreparable harm to plaintiffs as well as damage to plaintiff in an amount to be determined at trial.

**WHEREFORE**, plaintiff respectfully requests that this Court:

A. Enter preliminary and permanent injunctions requiring each and every defendant, and its directors, officers, agents, employees, servants and all others in active concert or in participation with any of them, to refrain from producing, distributing,

selling or encouraging or aiding and abetting others to produce, distribute or sell any product or partial product that in any way infringes plaintiff's copyrights;

B. Award plaintiff damages, the amount of which will be determined at trial, as the Court deems just and equitable under 17 U.S.C. § 504;

C. Award plaintiff his reasonable, actual attorney's fees, pursuant to 17 U.S.C. § 505;

D. Enter an order, pursuant to 17 U.S.C. § 503 and other applicable law, requiring defendants to deliver up for destruction all master tapes and/or compact discs, publications, brochures, packaging, labels, advertising materials, photographs, promotional materials and all other materials in defendants' possession or control, and any and all originals, copies, duplicates, reproductions, likenesses and renditions of plaintiff's copyrighted works as well as all means of making the same.

E. Enter an order, pursuant to 17 U.S.C. § 503 and other applicable law, requiring defendants to deliver up for destruction all master tapes and/or compact discs, publications, brochures, packaging, labels, advertising materials, photographs, promotional materials and all other materials in defendants' possession or control, and any and all originals, copies, duplicates, reproductions, likenesses and renditions of "Salt Shaker" as well as all means of making the same.

F. Award plaintiff the costs of this action, including but not limited to, plaintiff's expert witness fees; and

G. Award plaintiff such other and further relief as the Court deems just and proper.

*PLAINTIFF HEREBY DEMANDS A JURY TRIAL.*

Dated this __18__ day of January, 2006.

                Respectfully submitted,

                GIMBEL, REILLY, GUERIN & BROWN

                By: _____
                TIMOTHY L. BALDWIN
                State Bar No. 1037180
                Attorneys for Plaintiff

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440
Facsimile: 414/271-7680
E-mail: tbaldwin@grgblaw.com
*civil/trio/p/complaint*

8

Case 2:06-cv-00080-LA    Filed 01/18/06    Page 8 of 8    Document 1